UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOGAN MITCHELL,

    Plaintiff,

v.                              CASE NO.: 8:11-cv-02580-EAK-TGW

BALBOA
INSURANCE COMPANY,
    Defendant
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION FOR LACK OF STANDING AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

THIS cause is before the Court on Defendant's, Balboa Insurance Company ("Balboa"), Motion to Dismiss (Doc. 15), and Plaintiff's, Logan Mitchell ("Mitchell"), Motion for Leave to Amend Complaint (Doc. 12). The Court reviewed the Motion to Dismiss, as well as Plaintiff's Response in Opposition, (Doc. 17) and Defendant's Reply thereto. (Doc. 20). The Court has also reviewed the Plaintiff's Motion for Leave to Amend Complaint and Defendant's Response thereto. (Doc. 16). For reasons set forth below, the Motion to Dismiss is **DENIED**. Plaintiff's Motion for Leave to Amend the Complaint is **GRANTED**.

### BACKGROUND

The following facts are submitted by the parties in support and/or in opposition to their respective motions. The Court recognizes these as "facts" only in regard to resolution of the pending motions.

Plaintiff Mitchell is the owner of real property located at 10749 Cory Lake Drive, Tampa, Florida 33647. (Doc. 2). Defendant Balboa is an insurance company that issued a policy of

1

insurance to the plaintiff's mortgagee covering the property owned by the plaintiff for sinkhole activity. (Doc 12-1).

On January 14, 2008, Plaintiff entered into two mortgage contracts with Bank of America, N.A. ("BOA"), which required Plaintiff to obtain insurance on the property. (Doc. 15). When Plaintiff failed to obtain homeowner's insurance on the property under the terms of the loan agreement, BAC Home Loans Servicing, LP ("BAC Home Loans") obtained Policy No. 5705-0002 from Balboa. (Doc.15). BAC Home Loans is the named insured on the insurance policy. (Doc. 15-3). Under the defined terms of the policy: "YOU" means BAC Home Loans, "WE" and "US" mean Balboa, and "BORROWER" means Mitchell.

The Insurance Agreement states:

> The Borrower is an additional insured with respect to any residual amounts of insurance over and above YOUR insurable interest in the RESIDENTIAL PROPERTY.

(Doc. 15-4).

The Lender's General Form states:

> In consideration of the payment of the premium, and subject to all of the policy forms issued under this Master Policy, WE agree to indemnify YOU or YOUR legal representatives for any amount that YOU may be entitled to recover as a result of a covered LOSS. The BORROWER shall be considered an additional insured with respect to any residual amounts of insurance over and above YOUR insurable interest.

(Doc. 15-4).

The Loss Payment section states:

> 13. Loss Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds YOUR insurable interest, WE will pay the BORROWER any residual amount due for the LOSS, not exceeding the applicable Limit of Liability indicated on the EVIDENCE OF INSURANCE. Payment for LOSS, will be made within 20 days after WE reach agreement with

2

> YOU as to the amount of the LOSS, or failing that, the entry of a final judgment for the filing of an appraisal award with US.

(Doc. 15-4). This is the policy under which Plaintiff proceeds in this case.

On November 16, 2011, the defendant removed the case to federal court. (Doc. 12). On November 23, 2011, the defendant filed an answer and sixteen affirmative defenses to the claim, alleging that the plaintiff was not a named insured under the policy of insurance and lacked standing to sue under the policy. (Doc. 12). On February 24, 2012, Plaintiff sought leave to file an Amended Complaint. (Doc. 12). Plaintiff filed the proposed complaint to clearly state a breach of a third-party beneficiary action under the lender-placed policy. (Doc 12). On March 9, 2012, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction for Lack of Standing of the Plaintiff. (Doc. 15). Thereafter, Defendant filed a Response in Opposition to the Plaintiff's Motion for Leave to file an Amended Complaint because, Defendant alleged, Plaintiff's proposed claims in the Amended Complaint are futile and subject to dismissal for lack of subject matter jurisdiction due to lack of standing. (Doc. 16).

## STANDARD OF REVIEW

**I. Motion to Dismiss for Lack of Subject Matter Jurisdiction for Lack of Standing**

Article III of the Constitution limits federal courts' jurisdiction to "Cases" and "Controversies." U.S. Const. art. III, § 2. The "triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement." *Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)). The party with the burden of proving standing is the one invoking federal jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Each standing element "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner

3

and degree of evidence required at the successive stages of litigation." *Id.* In a motion to dismiss, "general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing." *Id.* The disputed facts in a motion to dismiss must be construed in a light most favorable to the plaintiff. *Bischoff v. Osceola County*, 222 F.3d 874, 878 (11th Cir. 2000) (citing *Haase v. Sessions*, 835 F.2d 902 (D.C. Cir. 1987)). Standing is jurisdictional; therefore, a dismissal for lack of standing is essentially the same as a dismissal for want of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Stalley*, 524 F.3d at 1232.

Subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) can be challenged facially or factually. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–1529 (11th Cir.1990). "'Facial attacks' on the complaint 'require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* at 1529. Facial attacks afford a plaintiff the "safeguards similar to those provided in" a Rule 12(b)(6) motion because the court must consider the complaint's allegations to be true. *Id.* On the other hand, factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* With factual attacks, the court does not consider the allegations of the complaint to be true. *Id.*

## II. Motion to Leave to Amend Complaint

A decision to grant or deny a motion for leave to file an amended complaint lies in the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This motion is governed by Federal Rule of Civil Procedure Rule 15(a), which provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no

4

responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Accordingly, the court must have a "justifying reason" to deny leave to amend the complaint. *Foman*, 371 U.S. at 182. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Id.* Leave to amend the complaint should only be denied when the amendment would be futile, the amendment would cause undue prejudice to the opposing party, in instances of undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. *Id.* In the absence of these reasons, leave should be "freely given." *Id.* When facts are already known or available to both sides, the inclusion of a claim based on those facts does not prejudice the non-moving party. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000).

## DISCUSSION

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction for Lack of Standing

Balboa argues that Mitchell lacks standing to pursue his claim because he is neither a party nor an intended third-party beneficiary of the insurance policy that forms the basis of the instant dispute. Mitchell, on the other hand, contends that his status as an additional insured and loss payee on the insurance policy in question renders him an intended third-party beneficiary with standing to bring suit. The relevant policy lists BAC Home Loans as the named insured and Mitchell as the "Borrower." Mitchell is also the homeowner who obtained the mortgage from BOA, ostensibly to finance the purchase of his home.

5

Florida Statute section 627.405 provides:

(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss. (2) 'Insurable interest' as used in this section means any actual, lawful, substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment. (3) The measure of an insurable interest in property is the extent to which the insured might be damnified by loss, injury, or impairment thereof.

There is no dispute that Plaintiff was the owner of the property at the time of the alleged loss and remains the property owner today. Since he is the property owner, Plaintiff has an economic interest in the safety and preservation of the property. This insurable interest may be enforced by the property owner, even if he does not possess the policy in his name. *Kelly v. Balboa Ins. Co.*, 8:10-CV-450-T-35-MAP (M.D. Fla. May 29, 2012); *Fawkes v. Balboa Ins. Co.*, 8:10-CV-2844-T-30TGW, 2012 WL 527168 (M.D. Fla. Feb. 17, 2012), *reconsideration denied*, 8:10-CV-2844-T-30TGW, 2012 WL 899386 (M.D. Fla. Mar. 16, 2012); *Baltazar v. Balboa Ins. Co.*, 8:10-CV-2932-T-33MAP, 2011 WL 2217332 (M.D. Fla. 2011); *Ran Investments, Inc. v. Indiana Ins. Co.*, 379 So. 2d 991, 993 (Fla. Dist. Ct. App. 1980); *W.R. Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co.*, 281 So. 2d 373, 375 (Fla. Dist. Ct. App. 1973).

Defendant's primary argument in moving to dismiss is that Plaintiff's "insurable interest equals third-party beneficiary status" theory is a false predicate without support in Florida law. (Doc. 15). Defendant's argument falls short. This predicate was based on the ruling in *Fawkes v. Balboa Insurance Company*, which explained that Plaintiff, as owner of the subject property, had an insurable economic interest in the safety and preservation of the subject property of the insurance policy as the property owner and could therefore pursue her breach of contract as a third-party beneficiary. 2011 WL 527168 at *2. Assuming the truth of Plaintiff's allegations, as

it much at this stage of the proceedings, the Court concludes that Plaintiff is the property owner and can accordingly proceed against Defendant as a third-party beneficiary in this case.

**II. Motion for Leave to Amend the Complaint**

Plaintiff requests leave to amend his complaint to clarify that he is bringing a third-party beneficiary action. (Doc. 12). Defendant opposes this motion, asserting that Plaintiff's proposed amendments are futile and subject to dismissal for lack of subject matter jurisdiction due to lack of standing. (Doc. 16).

The Court will grant Plaintiff leave to amend his complaint to clarify the third-party beneficiary claim. There is no prejudice to the defendant by this amendment and the plaintiff has not abused the amendment process.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be **DENIED** and Plaintiff's Motion for Leave to Amend Complaint be **GRANTED**. Plaintiff is granted leave to file amended complaint within **TEN (10) DAYS** from the date of this Order.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 20th day of June, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE